The opinion of the Court was delivered by
Poché, J.
The object of this proceeding is the removal of Oliver Beirne, as testamentary executor of the succession of John Burnside, and the appointment of the Public Administrator as dative testamentary executor of said succession, on the following grounds, substantially:
That immediately after Oliver Beirne had qualified as testamentary executor, by taking the oath and furnishing the bond required by the Court, he left the State permanently, after appointing an agent and attorney in fact to represent him in the administration ; without causing an inventory to be begun, as the law requires, and without furnishing- the bond, required by law to be one-fourth in excess of the value of the prox>ert.y of the succession, alleged to exceed one hundred thousand dollars ; and on the ground that the will of the testator should he executed without delay in the interest of the legatees and heirs of the decedent, who are judicially asserting their rights as such heirs.
Beirne, the testamentary executor, who resides in Virginia, thereupon filed a petition supported hy his affidavit and accompanied by the required bond, for the removal of the cause to the Circuit Court of the *730 United States for the Eastern District of Louisiana, on which the order of removal was refused by the Court, a qua.
I-Ie then filed an exception, urging :
1. His application to remove the cause to the Federal Court, and the illegality of the Court’s refusal of the order of removal.
2. That the Public Administrator’s petition disclosed no cause of action.
His first ground of exception was overruled, and the second ground was maintained, whereupon the Public Administrator has appealed.
1. The action of the District Judge, in refusing the order of removal and overruling' the first ground of exception, is eminently proj>er, and meets with our unreserved sanction.
Appellee’s position, that thisai>pIication of the Public Administrator is a distinct and separato suit, not essentially connected with the settlement of tho Burnside succession, is too glaringly erroneous to require any argument or authority for its completo demolition.
The appointment of an executor or administrator, his removal for any cause, and the appointment of another in his stead, are all incidents of the settlement or administration of a succession ; and the jurisdiction of the Court which has legal cognizance and control of the succession, cannot be affected by the residence of any of the parties who may urge conflicting claims to the right of administering such succession, and the removal of the administrator must be ordered by the Court which had made the appointment. C. P. 1013.
The substantial issue presented for adjudication in this proceeding, involves the legality of the testamentary executor’s administration of the Burnside, succession, the question of his removal, and the right of the Public Administrator to be appointed dative testamentary executor.
The relief asked depends exclusively upon the probate jurisdiction of the Court, and cannot be considered by a Court which has no such jurisdiction.
It is well settled that the Federal courts have no probate jurisdiction, a conclusion flowing from the existing legislation of Congress.
This doctrine is recognized and favorably commented on by the U. S. Supreme Court in one of the cases quoted by appellee in support of his own opposite theory. Gaines vs. Fuentes, 2 Otto 18.
The following language, which we quote from that opinion, supports the conclusion which we have reached on this question : “ The reason lies in the nature of tho proceeding to probate a will as one in rem, which does not necessarily involve any controversy between parties, indeed, in the majority of instances no such controversy exists. In its initiation all persons are cited to appear. * * * From its nature and from the want of parties, or the fact that all the world are parties, *731 the proceeding is not within tlie designation of cases at law or in equity between {parties of different States, of which the Federal courts have concurrent jurisdiction with the State courts under the Judiciary Act.”
It. is clear that this reasoning applies with equal force, to all. proceedings in the settlement, of successions, and it is elementary that all conflicts between heirs, legatees, or creditors of a succession, as well as between parties claiming contradictorily the right of administering a succession, are mere incidents of the settlement of the estate, and as such fall exclusively within the jurisdiction of a court having probate jurisdiction, and in which the succession was opened.
2. From the petition of the Public Administrator, it appears that the testamentary executor is sought, to be removed, for the main reasons that he has failed to malee an inventory within the time required by law, or to qualify according to law, and because he has left the State permanently; and the question presented is whether, assuming these averments to be true, the Public Administrator has any authority to urge these derelictions, and to claim the removal of the testamentary executor.
The office of Public Administrator is not an institution of the civil lawq and was unknown to our law's previous to the legislation of 1870, which introduced this new.element into our system for the settlement of successions.
It follows, therefore, that .such a functionary can claim only the rights which are clearly conferred on him by the legislation which created his office; and that none of the provisions of our laws regulating the mode of settling successions, and of appointing and removing curators, administrators, or executors of successions, are applicable to 1ns office, unless .so made by the law which created and governs that particular office.
Now, the only law under which thePublic Administrator can rest his right of action in his present application, is Section 3 of Act No. 7A, approved April 17, 1877, which reads as follows :
“ That in all testate successions in the Parish of Orleans, when from aiiy cause the executor cannot discharge the duties of his office, the Judge, shall appoint the Public Administrator dative testamentary executor, when there is no surviving husband or wife, or heir present or represented in the State, who is qualified to assume, and who claims to assume the duties of said office.”
It does not appear from the Public Administrator’s petition that Oliver Beirne cannot or does not discharge the duties of testamentary executor of the Burnside succession, and that, such being the case, the decedent has left no wife or heir preseiit or represented in the State who *732 is qualified to assume, and who claims to assume, the duties of said office.
If it he true that Oliver Beirnc has not qualified according- to law, lias failed, oris evon opposed, to have a proper inventory made, ho may be summoned on proper showing- by parties in interest, such as heirs, creditors or legatees. But no complaint is made by any sncli parties, and if they are satisfied with Beirne’s qualification or administration, of what concern is that to the Public Administrator ? He has no authority in law to supervise the administration or settlement of successions, or the legality of tho appointment of administrators, executors or curators.
His powor to act arises only in the oases provided by the law which created his office. The utility of liis office arises according to law, and his services are required only -when a testate succession is not bein',) administered at all. His office was intended to fill a vacancy, but be has no power to provoke a vacancy. We know of no law, and wo have been referred to none, authorizing the Public Administrator to judicially seek to remove an executor or administrator.
These conclusions are supported not only by reason and law, but are sanctioned by authority, as shown by a decision of this Court, in tlie case of Succession of Winn, 26 A. 102, where it was distinctly held that a Public Administrator could not provoke the removal of an executor, and that this right could bo exercised only by lieirs, legatees or creditors, and are in keeping with the textual provisions of our Code, which confers the right of praying for the removal of testamentary executors or other administrators of successions, to the heirs, creditors, or other persons concerned. C. P. Art. 1018.
We, therefore, conclude, that the Public Administrator’s petition discloses no right in him to ask the removal of Oliver Beirne as testamentary executor of the Burnside succession.
'The judgment appealed from, is, therefore, affirmed’with costs.
;Levy, J., absent.